**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JOHN DOE, AS FATHER AND NEXT FRIEND OF JANE ROE, A MINOR, AND JANE DOE, AS MOTHER AND NEXT FRIEND OF JANE ROE, A MINOR<br><br>     Plaintiffs,<br><br>v.<br><br>MARIST SCHOOL, INC., A GEORGIA NONPROFIT CORPORATION D/B/A MARIST SCHOOL, WILLIAM ROWLAND, KEVIN MULLALLY, AND MICHAEL TRAPANI,<br><br>     Defendant. | CIVIL ACTION FILE NO. 1:20-cv-01708-TWT |

**DEFENDANT MARIST SCHOOL, INC., A GEORGIA NONPROFIT CORPORATION D/B/A MARIST SCHOOL'S VERIFIED ANSWER TO PLAINTIFFS' COMPLAINT**

**COMES NOW** Marist School, Inc., a Georgia nonprofit corporation d/b/a Marist School (hereinafter "Defendant Marist"), named as a Defendant in the above-styled action, and files this its Answer to Plaintiffs' Complaint respectfully showing the Court the following:

<u>FIRST DEFENSE</u>

Plaintiffs' Complaint and each and every allegation and paragraph therein fail to state a claim upon which relief can be granted.

1

## SECOND DEFENSE

The policies of Defendant Marist are clear and non-discriminatory in their content and in their application as they are neutral as to race, national origin, ethnicity, sex, and citizenship and apply equally to all students as well as their parents or guardians.

## THIRD DEFENSE

Defendant Marist has not acted with discriminatory intent, nor do its policies and procedures have a disparate impact in application and therefore Defendant Marist has not violated any of Plaintiffs' rights under 42 U.S.C. § 1981 or any other laws, including the Constitution of the United States of America, and the laws and Constitution of the State of Georgia.

## FOURTH DEFENSE

Defendant Marist has not breached any contract with Plaintiffs.

## FIFTH DEFENSE

Plaintiffs have failed to mitigate any damages alleged.

## SIXTH DEFENSE

Defendant Marist raises all those affirmative defenses set forth in FED. R. CIV. P. 8(c).

### SEVENTH DEFENSE

Plaintiff Jane Roe was not treated less favorably than similarly-situated individuals outside her protected class.

### EIGHTH DEFENSE

Plaintiff Jane Roe failed to perform material terms of the contract contained in the Parent/Student Handbook of Defendant Marist.

### NINTH DEFENSE

Plaintiff Jane Roe failed to perform a condition precedent to performance by Defendant Marist under the contract at issue.

### TENTH DEFENSE

Defendant Marist's conduct was neither extreme nor outrageous.

### ELEVENTH DEFENSE

Defendant Marist's conduct did not cause severe emotional distress to the Plaintiffs.

### TWELFTH DEFENSE

Plaintiffs did not experience severe emotional distress.

### THIRTEENTH DEFENSE

Plaintiffs are contributorily negligent.

### FOURTEENTH DEFENSE

Defendant Marist asserts the defense of Plaintiffs' unclean hands.

## FIFTEENTH DEFENSE

No act or omission on the part of Defendant Marist proximately caused or contributed to any damages allegedly suffered by Plaintiffs; therefore Plaintiffs have no right of recovery.

## SIXTEENTH DEFENSE

Defendant Marist reserves the right to amend and/or supplement these defenses as needed or as warranted by discovery in this case.

## SEVENTEENTH DEFENSE

Responding to the individually numbered allegations in the Complaint, Defendant Marist shows the Court the following:

## ANSWER TO: INTRODUCTION

Plaintiffs set forth a narrative that alleges the general basis of their Verified Complaint. Plaintiffs assert they are a "Hispanic family" the Marist School records have Jane Roe listed as "multiracial." Irrespective of any racial or ethnic identification Defendant Marist denies any and all liability to Plaintiffs.

## ANSWER TO: PARTIES

1.

Plaintiffs merely identify themselves by pseudonyms in Paragraph 1 of Plaintiffs' Verified Complaint and no response is necessary, except to deny any and all liability.

2.

To its best knowledge, Defendant Marist admits the allegations contained in Paragraph 2 of Plaintiffs' Verified Complaint.

3.

To its best knowledge, Defendant Marist admits the allegations contained in Paragraph 3 of Plaintiffs' Verified Complaint.

4.

To its best knowledge, Defendant Marist admits the allegations contained in Paragraph 4 of Plaintiffs' Verified Complaint.

5.

To its best knowledge, Defendant Marist denies the Plaintiff Jane Roe identifies herself as Hispanic, but admits the remaining allegations contained in Paragraph 5 of Plaintiffs' Verified Complaint.

6.

Defendant Marist admits the allegations contained in Paragraph 6 of Plaintiffs' Verified Complaint.

7.

Defendant Marist admits the allegations contained in Paragraph 7 of Plaintiffs' Verified Complaint.

8.

Defendant Marist admits the allegations contained in Paragraph 8 of Plaintiffs' Verified Complaint.

9.

Defendant Marist admits the allegations contained in Paragraph 9 of Plaintiffs' Verified Complaint.

## ANSWER TO: JURISDICTION AND VENUE

10.

Defendant Marist admits the allegations contained in Paragraph 10 of Plaintiffs' Verified Complaint, but denies any and all liability.

11.

Defendant Marist admits the allegations contained in Paragraph 11 of Plaintiffs' Verified Complaint, but denies any and all liability.

12.

Defendant Marist admits the allegations contained in Paragraph 12 of Plaintiffs' Verified Complaint, but denies any and all liability.

**ANSWER TO:  FACTUAL ALLEGATIONS**

13.

Defendant Marist admits the allegations contained in Paragraph 13 of Plaintiffs' Verified Complaint.

14.

Defendant Marist admits Jane Roe had previous infractions, but denies the allegations contained in Paragraph 14 of Plaintiffs' Verified Complaint, as pled, as the subject matter infractions are major infractions subjecting Jane Roe to dismissal.

15.

Defendant Marist admits the allegations contained in Paragraph 15 of Plaintiffs' Verified Complaint.

16.

Defendant Marist admits the allegations contained in Paragraph 16 of Plaintiffs' Verified Complaint.

17.

Defendant Marist admits the allegations contained in Paragraph 17 of Plaintiffs' Verified Complaint.

18.

Defendant Marist admits the allegations contained in Paragraph 18 of Plaintiffs' Verified Complaint.

19.

Defendant Marist admits the allegations contained in Paragraph 19 of Plaintiffs' Verified Complaint.

20.

Defendant Marist admits the allegations contained in Paragraph 20 of Plaintiffs' Verified Complaint.

21.

Defendant Marist admits the allegations contained in Paragraph 21 of Plaintiffs' Verified Complaint.

22.

Defendant Marist admits the allegations contained in Paragraph 22 of Plaintiffs' Verified Complaint.

23.

Defendant Marist admits these are portions of the Handbook as alleged in Paragraph 23 of Plaintiffs' Verified Complaint.

24.

Defendant Marist admits the allegations contained in Paragraph 24 of Plaintiffs' Verified Complaint.

25.

Defendant Marist admits the allegations contained in Paragraph 25 of Plaintiffs' Verified Complaint.

26.

Defendant Marist admits the allegations contained in Paragraph 26 of Plaintiffs' Verified Complaint.

27.

Defendant Marist admits the allegations contained in Paragraph 27 of Plaintiffs' Verified Complaint.

28.

Defendant Marist admits the allegations contained in Paragraph 28 of Plaintiffs' Verified Complaint.

29.

Defendant Marist admits the allegations contained in Paragraph 29 of Plaintiffs' Verified Complaint.

30.

Defendant Marist admits the allegations contained in Paragraph 30 of Plaintiffs' Verified Complaint.

31.

Defendant Marist admits the allegations contained in Paragraph 31 of Plaintiffs' Verified Complaint.

32.

Defendant Marist admits the allegations contained in Paragraph 32 of Plaintiffs' Verified Complaint.

33.

Defendant Marist admits the allegations contained in Paragraph 33 of Plaintiffs' Verified Complaint.

34.

Defendant Marist admits the allegations contained in Paragraph 34 of Plaintiffs' Verified Complaint as to the enrollment contract having been executed for the 2020-2021 School Year, but denies enrollment is guaranteed should Jane Roe be dismissed from the Marist School prior to the start of the 2020-2021 School Year.

35.

Defendant Marist admits the allegations contained in Paragraph 35 of Plaintiffs' Verified Complaint as to the enrollment contract having been executed for the 2020-2021 School Year, but denies enrollment is guaranteed should Jane Roe be dismissed from the Marist School prior to the start of the 2020-2021 School Year.

36.

Defendant Marist admits the allegations contained in Paragraph 36 of Plaintiffs' Verified Complaint as to the

enrollment  contract  having    been  executed  for  the  2020-2021
School  Year,  but  denies  enrollment  is  guaranteed  should  Jane  Roe
be  dismissed  from  the  Marist  School  prior  to  the  start  of  the
2020-2021  School  Year.

37.

Defendant  Marist  admits  the  allegations  contained  in
Paragraph  37  of  Plaintiffs'  Verified  Complaint  a  to  the
enrollment  contract  having    been  executed  for  the  2020-2021
School  Year,  but  denies  enrollment  is  guaranteed  should  Jane  Roe
be  dismissed  from  the  Marist  School  prior  to  the  start  of  the
2020-2021  School  Year.

38.

Defendant  Marist  denies  online  learning  began  on  March  16,
but  rather  March  18,  2020,  and  admits  the  allegations  contained
in  Paragraph  38  of  Plaintiffs'  Verified  Complaint.

39.

Defendant  Marist  admits  the  allegations  contained  in
Paragraph  39  of  Plaintiffs'  Verified  Complaint.

40.

Defendant  Marist  admits  the  allegations  contained  in
Paragraph  40  of  Plaintiffs'  Verified  Complaint.

11

41.

Defendant Marist admits the allegations contained in Paragraph 41 of Plaintiffs' Verified Complaint.

42.

Defendant Marist can neither admit nor deny as to what Plaintiff Jane Roe "noticed" or how much of the class had rejoined the full-class format as alleged in Paragraph 33 of Plaintiffs' Verified Complaint, but to the extent any liability is alleged or whether her beliefs provide Plaintiff Jane Roe with impunity from compliance with the Marist School Handbook, such allegations are denied.

43.

Defendant Marist can neither admit nor deny as to what Plaintiff Jane Roe was doing as she was waiting for the remainder of the class to rejoin the full-class format as alleged in Paragraph 43 of Plaintiffs' Verified Complaint, but to the extent any liability is alleged or whether her beliefs or actions provide Plaintiff Jane Roe with impunity from compliance with the Marist School Handbook, such allegations are denied.

44.

Defendant Marist can neither admit nor deny as to what Plaintiff Jane Roe was doing as she was waiting for the remainder of the class to rejoin the full-class format as

alleged in Paragraph 44 of Plaintiffs' Verified Complaint, but to the extent any liability is alleged or whether her beliefs or actions provide Plaintiff Jane Roe with impunity from compliance with the Marist School Handbook, such allegations are denied.

45.

Defendant Marist can neither admit nor deny as to what Plaintiff Jane Roe believed as to the status of her microphone as she was waiting for the remainder of the class to rejoin the full-class format as alleged in Paragraph 45 of Plaintiffs' Verified Complaint, but denies the remaining allegations as pled.

46.

Defendant Marist denies the allegations in Paragraph 46 of Plaintiffs' Verified Complaint, as pled.

47.

Defendant Marist admits what Mr. Lorys is alleged to have said in the first sentence of Paragraph 47 of Plaintiffs' Verified Complaint, and that Plaintiff Jane Roe's microphone was not muted and the class heard a racial slur, but denies it was from any video as alleged by Plaintiffs. Defendant Marist denies the second sentence of Paragraph 47 of Plaintiffs' Verified Complaint, as pled because Plaintiff Jane Roe left the

13

screen and was neither seen nor participated in class for approximately ten minutes, but eventually returned.

48.

Defendant Marist admits a discussion took place after class between Mr. Lorys, Plaintiff Jane Roe and an African-American student, and that Plaintiff Jane Roe apologized, but denies the remaining allegations in Paragraph 48 of Plaintiffs' Verified Complaint, as pled.

49.

Defendant Marist's records reflect Plaintiff Jane Roe is listed as "multiracial." Subject to that, Defendant Marist admits that Mr. Lorys asked that the African-American student stay on Google Meet after class to speak with her as alleged in Paragraph 49 of Plaintiffs' Verified Complaint.

50.

Defendant Marist admits that Plaintiff Jane Roe apologized to the African-American student, and that Plaintiff Jane Roe stated the utterance was from a video as alleged in Paragraph 50 of Plaintiffs' Verified Compliant, but denies the utterance was from the video described in Paragraph 46 as alleged in Paragraph 50 of Plaintiffs' Verified Complaint.

51.

Defendant Marist denies the allegations in Paragraph 51 of Plaintiffs' Verified Complaint, as pled.

52.

Defendant Marist admits that Plaintiff Jane Roe reached out to the African-American student, and the African-American student at a later point provided emailed correspondence on or about April 10, 2020 as alleged in Paragraph 52 of Plaintiffs' Verified Complaint, but denies that Plaintiff Jane Roe's version of the incident is accurate.

53.

Defendant Marist admits the allegations in Paragraph 53 of Plaintiffs' Verified Complaint, but denies Plaintiffs' representation that the incident was an "accident" or the result of the playing of a "video" as pled.

54.

Defendant Marist denies the allegations contained in Paragraph 54 of Plaintiffs' Verified Complaint to the extent the word "summarily" is used to imply no investigation was conducted, but admits that Plaintiff Jane Roe was indefinitely suspended from Defendant Marist School by Defendant Mullally and Defendant Trapani on April 3, 2020.

15

55.

Defendant Marist denies the allegations contained in Paragraph 55 of Plaintiffs' Verified Complaint to the extent the words "summarily expelled" are used to imply no investigation was conducted, but admits that Plaintiff Jane Roe was dismissed from Defendant Marist School by Defendant Mullaly and Defendant Trapani on April 8, 2020, and had the right to appeal to Defendant Rowland.

56.

Defendant Marist admits the allegations in Paragraph 56 of Plaintiffs' Verified Complaint.

57.

Defendant Marist admits the allegations in Paragraph 57 of Plaintiffs' Verified Complaint.

58.

Defendant Marist admits the allegations in Paragraph 58 of Plaintiffs' Verified Complaint.

59.

Defendant Marist admits the allegations in Paragraph 59 of Plaintiffs' Verified Complaint, but to the extent it implies that the inclusion of one student as opposed to two students invalidates the Discipline Committee's actions or that the inclusion of other members of the administration or staff

invalidates the Discipline Committee's actions, Defendant Marist denies any such invalidation or liability alleged.

60.

Defendant Marist admits the allegations in Paragraph 60 of Plaintiffs' Verified Complaint, but to the extent the time period of notice to appear implies that it invalidates the Discipline Committee's actions, Defendant Marist denies any such invalidation or liability alleged.

61.

Defendant Marist admits Plaintiff Jane Roe was asked "to respond to the allegation she said the n-word in class" as alleged in Paragraph 61 of Plaintiffs' Verified Complaint, and that she denied her use of the word and alleged that it was from a video, but Defendant Marist denies the remaining allegations contained in Paragraph 61 of Plaintiffs' Verified Complaint, as pled.

62.

Defendant Marist admits the allegations in Paragraph 62 of Plaintiffs' Verified Complaint.

63.

Defendant Marist denies the allegations in clause "(1)" in Paragraph 63 of Plaintiffs' Verified Complaint, as pled, but admits the remaining allegations.

64.

Defendant Marist denies the allegations contained in the first sentence of Paragraph 64 of Plaintiffs' Verified Complaint as pled, but admits the allegations contained in the second sentence of Paragraph 64 of Plaintiffs' Verified Complaint.

65.

Defendant Marist denies the allegations contained in the first and second clauses of the sentence constituting Paragraph 65 of Plaintiffs' Verified Complaint as pled, but admits the allegations contained in the last clause of the sentence constituting Paragraph 65 of Plaintiffs' Verified Complaint.

66.

Defendant Marist admits the allegations in Paragraph 66 of Plaintiffs' Verified Complaint.

67.

Defendant Marist admits the allegations in Paragraph 67 of Plaintiffs' Verified Complaint.

68.

Defendant Marist admits that prior to the current matter, the allegations contained in Paragraph 68 of Plaintiffs' Verified Complaint are accurate.

69.

Defendant Marist denies the allegations in Paragraph 69 of Plaintiffs' Verified Complaint, as pled and to the extent the race of the individual had any bearing on the discipline or outcome.

70.

Defendant Marist denies the allegations in Paragraph 70 of Plaintiffs' Verified Complaint, as pled and to the extent the race of the individual had any bearing on the discipline or outcome.

71.

Defendant Marist denies the allegations in Paragraph 71 of Plaintiffs' Verified Complaint, as pled and to the extent the race of the individual had any bearing on the discipline or outcome.

72.

Defendant Marist admits the allegations in Paragraph 72 of Plaintiffs' Verified Complaint, but to the extent the race of the individual had any bearing on the discipline or outcome that is denied.

73.

Defendant Marist admits the allegations in Paragraph 73 of Plaintiffs' Verified Complaint, but to the extent the race of

the individual had any bearing on the discipline or outcome that is denied.

74.

Defendant Marist denies the allegations in Paragraph 74 of Plaintiffs' Verified Complaint, as pled and to the extent the race of the individual had any bearing on the discipline or outcome.

75.

Defendant Marist denies the allegations in Paragraph 75 of Plaintiffs' Verified Complaint, as pled and to the extent the race of the individual had any bearing on the discipline or outcome.

76.

Defendant Marist denies the allegations in Paragraph 76 of Plaintiffs' Verified Complaint, as pled and to the extent the race of the individual had any bearing on the discipline or outcome.

77.

Defendant Marist denies the allegations in Paragraph 77 of Plaintiffs' Verified Complaint.

78.

Defendant Marist admits the allegations in Paragraph 78 of Plaintiffs' Verified Complaint, to the extent it implies liability for any wrongdoing then that is denied.

**ANSWER TO: COUNT ONE – VIOLATION OF 42 U.S.C. § 1981 (AGAINST ALL DEFENDANTS)**

79.

Defendant Marist reasserts and reincorporates all of Defendant Marist's defenses and responses to Paragraphs 1-78 as if fully set forth herein.

80.

Defendant Marist reasonably believes that Plaintiff Jane Doe is Hispanic, but denies the remaining allegations of Paragraph 80 of Plaintiffs' Verified Complaint, as Jane Roe is listed as "multiracial" in Marist records.

81.

Irrespective of ethnicity or race, provided that Plaintiffs comply with all provisions of the Marist School Handbook, Defendant Marist admits the allegations in Paragraph 81 of Plaintiffs' Verified Complaint.

82.

Irrespective of ethnicity or race, provided that Plaintiffs comply with all provisions of the Marist School Handbook,

Defendant Marist admits the allegations in Paragraph 82 of Plaintiffs' Verified Complaint.

83.

Defendant Marist denies the allegations in Paragraph 83 including all subparagraphs of Plaintiffs' Verified Complaint, as pled.

84.

Defendant Marist denies the allegations in Paragraph 84 of Plaintiffs' Verified Complaint.

85.

Defendant Marist denies the allegations in Paragraph 85 including all subparagraphs of Plaintiffs' Verified Complaint.

86.

Defendant Marist denies the allegations in Paragraph 86 of Plaintiffs' Verified Complaint.

**ANSWER TO: COUNT TWO – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (AGAINST ALL DEFENDANTS)**

87.

Defendant Marist reasserts and reincorporates all of Defendant Merit's defenses and responses to Paragraphs 1-86 as if fully set forth herein.

88.

Defendant Marist denies the allegations in Paragraph 88 of Plaintiffs' Verified Complaint to the extent that the actions set forth in sub-paragraphs a.-f., allege Defendant Marist violated any right of Plaintiffs or such acts were with the intention of intentionally inflicting emotional distress on any Plaintiff.

89.

Defendant Marist denies all the allegations in Paragraph 89 and each sub-paragraphs a.-c., of Plaintiffs' Verified Complaint.

90.

Defendant Marist denies all the allegations in Paragraph 90 and each sub-paragraph a. and b., of Plaintiffs' Verified Complaint.

91.

Defendant Marist denies the allegations in Paragraph 91 of Plaintiffs' Verified Complaint.

## ANSWER TO: COUNT THREE - BREACH OF CONTRACT (AGAINST MARIST SCHOOL, INC., d/b/a MARIST SCHOOL)

92.

Defendant Marist reasserts and reincorporates all of Defendant Marist's defenses and responses to Paragraphs 1-91 as if fully set forth herein.

93.

Provided that Plaintiffs comply with all provisions of the Marist School Handbook and terms of the enrollment contract, Defendant Marist admits the allegations in Paragraph 93 of Plaintiffs' Verified Complaint to the extent a contract exists, but denies that Plaintiffs complied with all provisions of the Marist School Handbook and the terms of the enrollment contract, and therefore Defendant Marist did not breach any contract with Plaintiffs.

94.

Defendant Marist denies all the allegations in Paragraph 94 and each sub-paragraphs a.-g., of Plaintiffs' Verified Complaint.

95.

Defendant Marist denies the allegations in Paragraph 95 of Plaintiffs' Verified Complaint.

24

96.

Defendant Marist denies the allegations in Paragraph 96 of Plaintiffs' Verified Complaint.

**ANSWER TO: COUNT FOUR – BREACH OF CONTRACT (AGAINST MARIST SCHOOL, INC. d/b/a MARIST SCHOOL)**

97.

Defendant Marist reasserts and reincorporates all of Defendant Marist's defenses and responses to Paragraphs 1-96 as if fully set forth herein.

98.

Provided that Plaintiffs comply with all provisions of the Marist School Handbook and terms of the enrollment contract, Defendant Marist admits the allegations in Paragraph 98 of Plaintiffs' Verified Complaint to the extent a contract exists, but denies that Plaintiffs complied with all provisions of the Marist School Handbook and the terms of the enrollment contract, and therefore Defendant Marist did not breach any contract with Plaintiffs.

99.

Defendant Marist denies the allegations in Paragraph 99 of Plaintiffs' Verified Complaint, as pled, because Plaintiffs did not comply with their obligations under the Marist School Handbook.

25

100.

Defendant Marist denies the allegations in Paragraph 100 of Plaintiffs' Verified Complaint.

## ANSWER TO: PRAYER FOR RELIEF

101.

In responding to Plaintiffs' unnumbered Prayer for Relief and each sub-part 1 – 8, Defendant Marist denies all such Prayers for Relief.

102.

Any allegation contained in Plaintiffs' Verified Complaint not specifically addressed or responded to is hereby denied.

WHEREFORE, having fully answered, Defendant Marist prays the following:

i)   That Plaintiffs' Complaint be dismissed;

ii)  In the alternative, that Defendant Marist receive a trial by jury;

iii) That Plaintiffs take nothing;

iv)  That Defendant Marist be awarded its costs and fees incurred in this action; and

v)   That Defendant Marist receive such other relief as the Court deems just and proper.

26

## <u>LOCAL RULE 7.1D CERTIFICATION</u>

Pursuant to Local Rule 7.1D for the Northern District of Georgia, the undersigned counsel for Defendants certifies that the above and foregoing is a computer document prepared in Times New Roman (14 point) font in accordance with Local Rule 5.1B and C.

Respectfully submitted this 1st  day of May, 2020.

**HALL BOOTH SMITH, P.C.**

*/s/ Kenneth D. Jones*

_____

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA  30303-1775
Tel:  404-954-5000
Fax:  404-954-5020
Jhall@hallboothsmith.com
kjones@hallboothsmith.com
joneal@hallboothsmith.com
kkicklighter@hallboothsmith.com

JOHN E. HALL
Georgia Bar No. 319090
KENNETH D. JONES
Georgia Bar No. 402101
JACOB S. O'NEAL
Georgia Bar No. 877316
KELSEY L. KICKLIGHTER
Georgia Bar No. 747240
*Counsel for Defendant Marist School, Inc., William Rowland, Kevin Mullally and Michael Trapani*

27

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOHN DOE, AS FATHER AND NEXT
FRIEND OF JANE ROE, A MINOR,
AND JANE DOE, AS MOTHER AND
NEXT FRIEND OF JANE ROE, A
MINOR

    Plaintiffs,

v.

MARIST SCHOOL, INC., A
GEORGIA NONPROFIT CORPORATION
D/B/A MARIST SCHOOL, WILLIAM
ROWLAND, KEVIN MULLALLY, AND
MICHAEL TRAPANI,

    Defendant.

CIVIL ACTION FILE
NO. 1:20-cv-01708-TWT

---

**VERIFICATION OF REV. WILLIAM ROWLAND, S.M. ON BEHALF OF
DEFENDANT MARIST SCHOOL, INC., A GEORGIA NONPROFIT CORPORATION
D/B/A MARIST SCHOOL'S VERIFIED ANSWER TO PLAINTIFFS' COMPLAINT**

---

COMES NOW, **REV. WILLIAM ROWLAND, S.M.,** on behalf of
Defendant Marist School, Inc., a Georgia Nonprofit Corporation
d/b/a Marist School, a named Defendant in the above referenced
matter, before the undersigned officer duly authorized to
administer oaths in this State and, after being duly sworn,
deposes and states that the responses contained in **DEFENDANT
MARIST SCHOOL, INC., A GEORGIA NONPROFIT CORPORATION D/B/A
MARIST SCHOOL'S VERIFIED ANSWER TO PLAINTIFFS' COMPLAINT** are
true and accurate to the best of his knowledge and based upon
information currently available to him.

1

REV. WILLIAM ROWLAND, S.M.
*On behalf of Defendant Marist*
*School, Inc., a Georgia*
*Nonprofit Corporation d/b/a*
*Marist School*

Sworn to and subscribed before me
this _14_ day of _May_ , 2020.

_____
Notary Public
My commission expires: _4/15/20_

(NOTARIAL SEAL)

2

68827440-1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JOHN DOE, AS FATHER AND NEXT FRIEND OF JANE ROE, A MINOR, AND JANE DOE, AS MOTHER AND NEXT FRIEND OF JANE ROE, A MINOR<br><br>    Plaintiffs,<br><br>v.<br><br>MARIST SCHOOL, INC., A GEORGIA NONPROFIT CORPORATION D/B/A MARIST SCHOOL, WILLIAM ROWLAND, KEVIN MULLALLY, AND MICHAEL TRAPANI,<br><br>    Defendant. | CIVIL ACTION FILE<br>NO. 1:20-cv-01708-TWT |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served all parties with a copy of the within and foregoing **DEFENDANT MARIST SCHOOL, INC., A GEORGIA NONPROFIT CORPORATION D/B/A MARIST SCHOOL'S VERIFIED ANSWER TO PLAINTIFFS' COMPLAINT** by electronically filing the foregoing with the Clerk by using the CM/ECF system and/or depositing same in the United States postal service, proper postage affixed, to ensure delivery, in an envelope addressed as follows:

28

Jonathan A. Vogel
6000 Fairview Road
South Park Towers, Suite 1200
Charlotte, NC 28210
jonathan.vogel@vogelpllc.com

Respectfully submitted this 1st day of May, 2020.

**HALL BOOTH SMITH, P.C.**

*/s/ Kenneth D. Jones*

_____

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA  30303-1775
Tel:  404-954-5000
Fax:  404-954-5020
Jhall@hallboothsmith.com
kjones@hallboothsmith.com
joneal@hallboothsmith.com
kkicklighter@hallboothsmith.com

JOHN E. HALL
Georgia Bar No. 319090
KENNETH D. JONES
Georgia Bar No. 402101
JACOB S. O'NEAL
Georgia Bar No. 877316
KELSEY L. KICKLIGHTER
Georgia Bar No. 747240
*Counsel for Defendant Marist School, Inc., William Rowland, Kevin Mullally and Michael Trapani*

29