**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| JOHN DOE, as father and next friend of JANE ROE, a minor, and JANE DOE, as mother and next friend of JANE ROE, a minor,<br><br>Plaintiffs,<br><br>v.<br><br>MARIST SCHOOL, INC., a Georgia nonprofit corporation d/b/a MARIST SCHOOL, WILLIAM ROWLAND, KEVIN MULLALLY, and MICHAEL TRAPANI,<br><br>Defendants. | CIVIL ACTION FILE<br>NO. 1:20-cv-01708-TWT |
| **ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** ||

Plaintiffs sought the issuance of a Temporary Restraining Order for the immediate reinstatement of Jane Roe into the Marist School for the remainder of her Eleventh Grade academic year. The Court conducted oral argument on May 4, 2020 as to the issue of the Temporary Restraining Order. The Court having read and considered Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, as well as all briefs filed by the Parties, and having conducted oral argument does hereby DENY Plaintiffs' Motion as to

1

Plaintiffs' seeking issuance of a Temporary Restraining Order for Jane Roe's immediate reinstatement into the Marist School.

A temporary restraining order is an "extraordinary and drastic remedy." Jones v. Washington Mut. Bank, No. 1:11-CV-0591-RWS, 2011 WL 825766, at *1 (N.D. Ga. Mar. 3, 2011), quoting Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985). In order to prevail in their Motion for a Temporary Restraining Order under Fed. R. Civ. P. 65(b), the Plaintiffs must demonstrate (1) a substantial likelihood of success on the merits of the underlying case, (2) the movant will suffer irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued, and (4) an injunction would not disserve the public interest. Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc., 299 F.3d 1242, 1246-47 (11th Cir. 2002). Plaintiffs' argument for the Temporary Restraining Order was directed to Count I, Violation of 42 U.S.C. § 1981, and Count III, Breach of Contract as to the 2019-2020 academic year of Plaintiffs' Verified Complaint.

The Court finds that Plaintiffs have not shown a sufficient likelihood of prevailing on the merits of Count I.  Based on the facts and evidence presented by the parties, the Court finds that Plaintiffs failed to show a substantial likelihood of succeeding on

2

the merits of their 42 U.S.C. § 1981 as the comparators presented by Plaintiffs are not similarly situated to Jane Roe in all material respects. See Lewis v. City of Union City, Georgia, 918 F.3d 1213, 1218 (11th Cir. 2019). Moreover, even if Plaintiffs pointed to a similarly situated comparator, the Defendants have articulated a legitimate, non-discriminatory, non-pretextual reason for their actions, namely that the Defendants reasonably believed Jane Roe was not forthright about the underlying comment during the ensuing investigation. See, e.g., Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 770 (11th Cir. 2005) (per curiam); Entrekin v. City of Panama City Fla., 376 F.App'x 987, 997 (11th Cir. 2010) (per curiam). Accordingly, the Court finds that the Plaintiffs have not shown a sufficient likelihood of success on the merits to support their claim under 42 U.S.C. § 1981 that would warrant the Court issuing a Temporary Restraining Order to have Jane Roe immediately returned to Marist School classes.

Regarding Plaintiffs' claims under Count I, as well as under Count III for Breach of Contract, the Court finds that Plaintiffs failed to establish irreparable harm in that Defendants can provide Plaintiffs assurances of Jane Roe completing the Eleventh Grade at Marist School by the completion of her studies through alternative means as presented by Defendants during the Hearing, and without

3

any adverse comment being reflected on her academic record. See, e.g., C.B. v. Bd. of Sch. Comm'rs of Mobile Co., AL, 261 F. App'x 192, 194 (11th Cir. 2008) (student failed to show irreparable harm warranting injunction where he continued to receive educational services, albeit not at the school of his choice).

The Court finds that Plaintiffs failed to show all requisite elements of Fed. R. Civ. P. 65(b) to show a substantial likelihood of success, that the movant will suffer irreparable harm in absence of the injunction, the harm suffered by the movant in absence of an injunction would exceed the harm suffered by the opposing party, and an injunction would not disserve the public interest. Therefore, the Court finds that Plaintiffs have failed to demonstrate the requisite elements to support the issuance of a Temporary Restraining Order pursuant to Fed. R. Civ. P. 65(b).

**SO ORDERED** this 6 day of May, 2020.

/s/ Thomas W. Thrash
Hon. Thomas W. Thrash, Jr.
Chief United States District Judge,
United States District Court,
Northern District of Georgia

Plaintiffs' and Defendants' counsel have consulted on the content of this Proposed Order.

Proposed Order Prepared by:

**HALL BOOTH SMITH, P.C.**

/s/ Kenneth D. Jones
_____
JOHN E. HALL
Georgia Bar No. 319090
KENNETH D. JONES
Georgia Bar No. 402101
JACOB S. O'NEAL
Georgia Bar No. 877316
KELSEY L. KICKLIGHTER
Georgia Bar No. 747240

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA  30303-1775
Tel:  404-954-5000
Fax:  404-954-5020
Jhall@hallboothsmith.com
kjones@hallboothsmith.com
joneal@hallboothsmith.com
kkicklighter@hallboothsmith.com